Daniel McINTIRE, Plaintiff,

v.

CHINA MEDIAEXPRESS HOLDINGS, INC., et al., Defendants.

In re Chinamedia Express Holdings, Inc. Shareholder Litigation.

No. 11–cv–804 (VM).

United States District Court, S.D. New York.

Signed June 18, 2015.

Samuel Howard Rudman, Robbins Geller Rudman & Dowd LLP, Melville, NY, Jason Allen Zweig, Hagens Berman Sobol Shapiro LLP, New York, NY, Jeffrey A. Berens, Law Office Of Jeffrey A. Berens, LLC, Denver, CO, Jeniphr Breckenridge, Steve W. Berman, Hagens, Berman, Sobol, Shapiro, LLP, Seattle, WA, Marshall Pierce Dees, Holzer & Holzer, LLC, Atlanta, GA, Reed Richard Kathrein, Hagens Berman Sobol Shapiro LLP, Berkeley, CA, for Plaintiff.

Michael Edward Marr, Solo Practitioner, Baltimore, MD, Savvas Antonios Foukas, William R. Maguire, Hughes Hubbard & Reed LLP, Miles Norman Ruthberg, Latham & Watkins LLP, Gary Frederick Bendinger, Gazeena Kaur Soni, Sidley Austin LLP, New York, NY, David Andrew Gordon, Sidley Austin LLP, Chicago, IL, Michael Dana Warden, Sidley Austin LLP, Washington, DC, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

By Order dated August 26, 2014, the Court appointed Karl Barth ("Barth") of Hagans Berman Sobol Shapiro, LLP as "receiver for the assets of defendant ChinaMedia Express Holdings, Inc. ("CCME") for the limited purpose of marshaling CCME's assets." ("August 26 Order," Dkt. No. 230 at 3.) On June 9, 2015, Barth submitted a letter to the Court ("June 9 Letter"), stating his intent, in his capacity as receiver for CCME's assets ("Receiver"), to "maximize the value of" CCME's denied insurance coverage by "retaining outside counsel on a contingent-fee basis to pursue certain claims for im-

proper denial of insurance coverage." (June 9 Letter, Dkt. No. 245 at 1.) Barth sought confirmation from the Court that "retaining counsel and pursuing claims against third parties (including CCME's former insurers) is within the realm of the powers intended to be granted by the August 26, 2014 Order." (*Id.*) Barth also requested that his letter not be filed on the ECF system because it "relates solely to guidance from the Court with respect to [Barth's] authority as the Receiver of [CCME], and does not relate to any litigation currently pending before this Court." (*Id.*) However, Barth noted that he had sent a copy of the June 9 Letter to counsel for Deloitte Touche Tohmatsu ("DTT"). (*Id.*)

By endorsed letter dated June 9, 2016, the Court directed the parties to respond directly to the Court by June 12, 2015 to the matter set forth by Barth in the June 9 Letter, showing cause as to why the relief requested should not be granted. (June 9 Letter 2.) The Court filed its endorsement under seal. (*See* Dkt. No. 244.) On June 11, 2015, counsel for DTT submitted a letter to the Court, stating that "DTT takes no position concerning Karl Barth's letter of June 9, 2015." (Dkt. No. 242.) The Court has received no further correspondence relating to the June 9 Letter. On June 15, 2015, the Court ordered that the June 9 Letter be unsealed. (Dkt. Nos. 243, 245.)

Having considered the submissions from the parties, the Court finds that the activities proposed by Barth fall within his authority as conferred by the August 26 Letter to serve as Receiver "for the limited purpose of marshaling CCME's assets." (August 26 Order 3.) Accordingly, it is hereby

**ORDERED** that retaining counsel and pursuing claims against third parties, including CCME's former insurers, is within the realm of the powers granted to Karl

Barth ("Barth") of Hagans Berman Sobol Shapiro, LLP by the Court's Order of August 26, 2014 (Dkt. No. 230), in which the Court appointed Barth as receiver for the assets of defendant ChinaMedia Express Holdings, Inc. ("CCME") for the limited purpose of marshaling CCME's assets.

**SO ORDERED.**